**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARIANNA MARINO, individually and on behalf of others similarly situated,

　　　　Plaintiff - Appellee,

　v.

AVEN FINANCIAL, INC.,

　　　　Defendant - Appellant.

No. 25-7291

D.C. No.
3:25-cv-00503-BAS-DEB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted August 5, 2026[**]
Pasadena, California

Before: GRABER, KOH, and H.A. THOMAS, Circuit Judges.

Aven Financial, Inc. ("Aven") appeals the district court's denial of its

motion to compel arbitration of Arianna Marino's claims that Aven violated the

Fair Credit Reporting Act and the California Consumer Credit Reporting Agencies

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Act. We review de novo a district court's decision to deny a motion to compel arbitration and review the factual findings underlying the decision for clear error. *Holley-Gallegly v. TA Operating, LLC*, 74 F.4th 997, 1000 (9th Cir. 2023). We review de novo questions of statutory interpretation and contract interpretation. *McKinney-Drobnis v. Oreshack*, 16 F.4th 594, 603 (9th Cir. 2021) (statutory interpretation); *Patrick v. Running Warehouse*, *LLC*, 93 F.4th 468, 475 (9th Cir. 2024) (contract interpretation). We have jurisdiction under 9 U.S.C. § 16(a). We reverse and remand for the district court to enter an order granting Aven's motion to compel arbitration.

The district court erred in concluding that the parties had not delegated the issue of arbitrability to an arbitrator. *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010) ("[P]arties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy."). The text of Marino's agreement with Aven is clear: "any disputes . . . including any disputes about the arbitrability of any claim" are delegated to an arbitrator, but claims involving home equity loans or products are excluded from the definition of "disputes." Marino's dispute as to whether her claims are arbitrable falls under the umbrella of "[a]ny

25-7291

disputes . . . about the arbitrability" of claims.[1]

Marino argues that her claims fall within the agreement's carve-out of claims involving home equity loans or products from the definition of arbitrable "disputes."[2] But Marino conflates "the *scope* of the arbitration clause, *i.e.*, which claims fall within the carve-out provision, with the question of *who* decides arbitrability." *See Oracle Am., Inc. v. Myriad Grp. A.G.*, 724 F.3d 1069, 1076 (9th Cir. 2013). Whether Marino's claims fall within the carve-out (and therefore are not subject to arbitration) is itself a question of arbitrability that the agreement delegates to the arbitrator. *Id.* ("[W]hen a tribunal decides that a claim falls within the scope of a carve-out provision, it necessarily decides arbitrability.").

Contrary to Marino's arguments, the delegation clause permissibly assigns to an arbitrator the question whether the Dodd-Frank Act invalidates the arbitration

---

[1] Marino conceded before the district court that the arbitration agreement has a "delegation clause that assigns issues of arbitrability to the arbitrator" and did not dispute before the district court whether the parties clearly and unmistakably agreed to arbitrate arbitrability. She has therefore forfeited the arguments she now raises in support of the district court's conclusion that the parties did not clearly delegate the issue of arbitrability. *See Baccei v. United States*, 632 F.3d 1140, 1149 (9th Cir. 2011) ("Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal, although we have discretion to do so.").

[2] Marino did not forfeit her argument regarding the scope of the arbitration agreement. She challenged the scope of the arbitration agreement before the district court, arguing that "her claims are not subject to arbitration because they fall within the language the agreement explicitly excludes from its arbitration provision."

3                                                          25-7291

agreement, including the delegation clause itself. The parties' delegation of "any disputes . . . including any disputes about the arbitrability of any claim" includes determinations regarding whether a federal statute, such as the Dodd-Frank Act, invalidates the arbitration agreement. We have rejected the idea that "a delegation clause can never prevent a court from determining whether a statute precludes arbitration." *Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1033 (9th Cir. 2022); *see id.* at 1034 (noting that whether a federal statute invalidated an arbitration provision was "exactly the type of threshold arbitrability issue that the parties [had] delegated to the arbitrator"). And the delegation clause controls because Marino's argument before the district court—that the Dodd-Frank Act precludes arbitration of her claims—does not "impugn the validity of the delegation clause[] specifically." *Id.* at 1033; *see also Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1011 (9th Cir. 2023) (explaining that a court will consider a challenge to a delegation clause if "the party articulates why the argument invalidates" the delegation clause in particular).[3]

Because we conclude that the district court erred in determining that the

---

[3] Marino conceded before the district court that she did "not dispute [] that the arbitration agreement . . . is governed by the Federal Arbitration Act." Accordingly, she has forfeited any challenge to the Federal Arbitration Act's applicability. She also failed to raise before the district court, and thereby forfeited, any argument that the arbitration agreement is unenforceable by reason of being illusory.

parties had not delegated the threshold question of who should determine

arbitrability, we need not and do not reach the question whether Marino's claims

are arbitrable.

**REVERSED and REMANDED.**